IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS CARTER | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner, | : | NO. 12-4357 |
| v. | : | |
| JEROME WALSH, et al. | : | |
| Respondents. | : | |

# ORDER

AND NOW, this 25th day of February, 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Dkt. No. 1), the Response thereto (Dkt. No. 14), and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated February 5, 2013 (Dkt. No. 15), and Petitioner's Objections thereto (Dkt. No. 16), IT IS HEREBY ORDERED that:

1. Petitioner's Objections are OVERRULED and the Report and Recommendation is APPROVED and ADOPTED.[1]

---

[1] Petitioner does not dispute Magistrate Judge Rueter's recommendation that his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on May 27, 2006, thirty days after his *nunc pro tunc* direct appeal was dismissed. The Magistrate Judge recommends that the Petition, signed more than five years later on July 18, 2012, is time-barred because Petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations applicable to his Petition. Petitioner objects to the Magistrate Judge's recommendation that he failed to demonstrate reasonable diligence in exercising his appellate rights by bringing to this Court's attention the fact that he wrote a letter to the state court inquiring about the status of his "PCRA petition" — actually his *nunc pro tunc* direct appeal which had been previously reinstated by the PCRA court — on January 4, 2008. He also informs this Court that the state court wrote back to him on February 12, 2008. He states "[i]n February of 2008, Petitioner realized that he had become time-barred and did not know how to overcome the default without counsel until learning in 2012 that counsel's ineffectiveness [may be] cause for procedural default" under the recent United States Supreme Court holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

The Magistrate Judge correctly recommends that the holding of *Martinez* is inapposite to situation presented by Petitioner. In that case, the Court recognized a "narrow exception" to the

2. The Petition for Writ of Habeas Corpus is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. DARNELL JONES, II    J.

---

general rule that attorney errors in collateral proceedings do not establish cause for a procedural default. *Id.* at 1315. Here, the alleged attorney error occurred on the *nunc pro tunc* direct appeal, not in the collateral proceeding that permitted that appeal to be filed late. Additionally, there is no claim here of a procedural default. Rather, the issue Petitioner must overcome is that his Petition is time-barred and he cannot invoke the benefits of equitable tolling due to lack of his own diligence. The Magistrate Judge correctly determined that Petitioner, once he learned that counsel had not perfected his direct appeal by filing an appellate brief, could have filed a second PCRA petition within sixty days to request reinstatement of his appeal. *See* 42 Pa. Cons. Stat. § 9545(b)(1)(ii). The fact that Petitioner claims he knew in February 2008 that his state court appeal had been dismissed, but did not file anything in the state courts — and waited four years and five months to file the instant Petition — further supports the Magistrate Judge's recommendation that he cannot demonstrate due diligence in pursuing his appellate rights.